Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRENCE SHANAHAN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AGENTDESKS, INC., a Delaware corporation, d/b/a Radius Agent,<br><br>Defendant. | Case No.:  3:20-cv-_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant AGENTDESKS, INC., d/b/a RadiusAgent.com ("Radius Agent") to stop its illegal practice of sending automated text messages to cell phones without consent, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. Defendant Radius Agent is a company in San Francisco that develops software for real estate agents to keep in touch with their prospects and clients.

3. To advertise its software, (and demonstrate its functionality) Radius Agent automatically sent out thousands of text messages to real estate agents across the country.

4. Defendant did not obtain express written consent prior to sending this text message and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that abuse of such equipment was not only a nuisance and an invasion of privacy to consumers specifically but was also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers' cell phones.

7. By sending the text at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen of Omaha, Nebraska.

10. Defendant AGENTDESKS, INC. d/b/a Radius Agent is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1160 Battery St East, Suite 100, San Francisco, CA 94111.

**JURISDICTION AND VENUE**

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has general personal jurisdiction over Defendant because their headquarters is located in San Francisco in this District and in the State of California.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this District and in the State of California.

**COMMON FACTUAL ALLEGATIONS**

14. Defendant Radius Agent develops software for real estate agents.

15. One of their software programs, Radius Assist, generates leads for real estate agents by automatically sending out text messages.

16. To advertise its software and demonstrate its functionality, Defendant used its software to automatically text thousands of cellular phones across the country.

17. Defendant failed to obtain prior express written consent from Plaintiff and the Class before sending the text messages.

**FACTS SPECIFIC TO PLAINTIFF TERRENCE SHANAHAN**

18. On September 28, 2020, Plaintiff received a text on his cell phone ending number in 1146 from Defendant from the phone number (720) 549-4205.

19. The text message that Plaintiff received said "Hey Terry, I'm Mari with Radius Assist. We call and text your old and real-time leads for you,[sic] and increase your conversion rates. May I send you info?"

20. Plaintiff responded to the message and was then solicited further for Defendant's software.

21. Plaintiff never consented to be contacted by Defendant and had no knowledge of Defendant whatsoever prior to receiving the unsolicited text message.

**CLASS ALLEGATIONS**

22. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **Monetary Relief Class**. All persons in the United States who: (1) from November 9, 2016 to the present; (2) were sent text message(s); (3) on his or her cellular telephone; (4) promoting the products or services of Radius Agent.
>
> **Injunctive Relief Class.** All persons who did not give express written consent prior to receiving texts advertising Defendant's products or services on their cellular telephone numbers.

23. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is apparent that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

25. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messages.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

27. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect

individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    i.        Whether Defendant's conduct violated the TCPA;

   ii.        Whether Defendant's conduct violated the TCPA *willingly* and/or *knowingly*;

  iii.        Whether Defendant texted thousands of cell phones;

  iv.        Whether Defendant obtained prior written consent prior to texting the Class;

   v.        Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

      29.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Using sophisticated software that it developed, Defendant sent automated text messages to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

32. Defendant used an automatic telephone dialing system as proscribed by 47 U.S.C. §227(b)(1)(A).

33. Defendant's texts were made for a commercial purpose.

34. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop their illegal texting campaign.

35. Defendant and/or its agent made the violating texts "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

36. If the court finds that Defendant *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
**(On behalf of Plaintiff and the Class)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

39. Each of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii) constitute separate and cumulative violations of §17200.

40. Plaintiff is authorized to pursue a private right of action for injunctive relief against Defendant under §17204.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff TERRENCE SHANAHAN as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the unlawful prong of the California Business and Professions Code §17200;

D. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

E. An injunction requiring Defendant to cease all unlawful text messages without first obtaining, maintaining and storing documentation of the recipients' prior express written consent to receive such texts, and otherwise protecting interests of the Class;

F. An award of actual damages and/or statutory fines and penalties;

G. An award of reasonable attorneys' fees and costs pursuant to Cal. Civ. § 1021.5; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 9, 2020         Respectfully submitted,

TERRENCE SHANAHAN, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch                    .

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff and the Putative Class*